The United States of America District Court for the District of Rhode Island

The Petitioner,
Mr. Jacques Gautier

CA 06 99S

Vs.

The State of Rhode Island,
and the Director of the Adult Correctional
Institution, Mr. A.T. Wall

## Pro Se Initial Petition for a Writ of Habeas Corpus and Motion for Appointment of Counsel

Under Article I and Article III of the United States Constitution; the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution; 28 USCA §§ 2241 et seq. (including 28 USCA § 2254); 21 USCA § 848; 18 USCA § 3006A; and all other applicable law, the Petitioner respectfully files

this initial pro-se unamended petition for a Writ of Habeas Corpus, and the Petitoner request that this Wise and Honorable Court; (1) Appoint counsel for the Petitioner to help properly pursue the Petitioner's available Federal Habeas Corpus remedy; (2) Following appointment of counsel, provide that counsel with sufficient time, opportunity, and resources to investigate and present all possible claims for relief on the Petitioners behalf in a Petition for a Writ of Habeas Corpus; and (3) Following further proceedings, grant the Pet-itioner relief from the unconstitutional conviction.

In support the Petitioner states;

(1). The Petitioner, Mr. Jacques Gautier, is imprisoned and restrained of his liberty at the Rhode Island Adult Correctional Institution (A.C.I.) in Cranston, Rhode Island 02920.

(2). The Director of the A.C.I. by whom the Petitioner is so imprisoned and restrained is Mr. Director A.T. Wall.

(3). On September 27th, 2005 the Petitioner was convicted of second (2nd) Degree Murder, and on January 9th, 2006 was sentenced to Life Imprisonment for that 2nd Degree Murder conviction.

(4). The imprisonment and conviction

of the Petitioner in regard to 2nd Degree Murder is illegal, in that the State of Rhode Island should have been barred by the doctrine of collateral estoppel, when they sought to prosecute the Petitioner for murder, after a Probation Revocation Violation Hearing based on the very same allegations, evidence, and witnesses, at which Rhode Island's Superior Court's Chief Justice, Rodgers, ruled; "From the evidence presented to me, I was not satisfied the State met its burden [in proving] that [the Petitioner] did murder [the victim].

(5). It is important to note at this time, that the State of R.I., after the finding

of non-violation at the Petitioners Probation Revocation Hearing, petitioned the R.I. Supreme Court for a Writ of Certiorari stating that Chief Justice Rodgers had misconceived his role at the Revocation Hearing when he found the Petitioner had not violated his probation, based on the murder allegation, Chief Justice Rodgers stated; "I don't believe that [the Petitioner] murdered [the victim]". In June of 2001, The Supreme Court "granted" the States petition for certiorari, and remanded the case for "redetermination". Hence on remand, Chief Justice Rodgers ruled that; "in the context of the case presented to me and to the Supreme Court, the State has won.

The Supreme Court found the [Petitioner] to be a violator (based on the allegation the Petitioner had eluded the Police). Suffice it to say, he is a violator. I'll continue him on the same sentence". (State v. Gautier I, at 774 A.2nd 882, attached as Exhibit 'A')

(6). In '2003' the Petitioner was indicted for murder, and in '2004' the Petitioner did motion the R.I. Superior Court to 'Dismiss' the murder charge, arguing that the State of R.I. was collateral estopped from prosecuting him for murder, in light of the very specific findings that Chief Justice Rodgers had made at the '1998' Revocation Hearing.

(7). After a brief hearing in '2004', Justice McGuirl of the R.I. Superior Court "denied" the Petitioners 'Motion to Dismiss.' Consequently, the Petitioner did appeal that decision, again re-asserting the collateral estoppel issue to the R.I. Supreme Court. Unfortunitly and unjustly to the Petitioner, on April 12th, 2005, the Supreme Court did affirm the judgment of the Superior Court denying his Motion to Dismiss the murder charge. (State v. Gautier II, at No. 2004-165-C.A. attached as Exhibit 'B')

(8). Very briefly and again, it is the Petitioners contention that his murder conviction is illegal, in that the State of Rhode Island should have

been barred by the doctrine of collateral estoppel, when the Rhode Island Attorney General's Office made the decision to prosecute the Petitioner for violating his probation on the murder allegation and losing, and then attempt to prosecute the Petitioner for murder. Using the very same, if not exact, allegations, evidence, and witnesses. It is settled law that the doctrine of collateral estoppel depends on what issues are adjudicated, and not the nature of the proceedings, as the Rhode Island Supreme Court has unjustly done in this case. The Petitioner is of the opinion, that when the State seeks to revoke a defendant's probation because

he allegedly committed a new criminal act, as the State had attempted to do in this situation. The role of the Court in resolving such a contested issues of fact is identical to that of the jury at trial. When the judge actually makes an expressed factual finding after litigation of the issue (as in this case), this is no different than a factual decision in any other context and collateral estoppel should bar relitigation despite the different purposes and procedures at trial and at the revocation hearing.

(9). The Petitioner does hereby invoke this Court's jurisdiction under 28 USCA §§ 2241 et seq., including 28 USCA § 2254, and 21 USCA

§ 848.

(10). The Petitioner is indigent. The Petitioner has been indigent during all the prior proceedings. See the attached (Exhibit 'C') Affidavit of Indigency.

(11). Although the Petitioner is indegent and without counsel, the Petitioner wishes to file a full and complete petition for a Writ of Habeas Corpus in this Court. The Petitioner seeks to raise all possible issues in his case. The Petitioner wishes to have this Court consider, among other claims, any and all claims raised in the Revocation Hearing, the Superior and Supreme Court's decision's relating to the collateral estoppel issues. The

Petitioner has attached (as cited above) the two (2) Supreme Court decisions (Exhibit's 'A' and 'B') to help inform this Court of various issues on which this Petitioner seeks relief.

(12). Because the Petitioner is not a lawyer, the Petitioner cannot present this capital case to the Court and does not Know what other issues need to be investigated and raised before this Court. The Petitioner hereby respectfully requests that this Court appoint him counsel who can properly investigate and present all possible claims for relief in a comprehensive petition for a Writ of Habeas Corpus.

(13). "Congress' provision of a right to counsel

under 21 USCA § 848 (q) (4) (B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.' 21 USCA § 848 (q) (7)." McFarland, at 512 US 858, 114 S.ct. 2573 (emphasis supplied).

(14). Further, because the Petitioner is without counsel, once counsel is appointed, counsel will require sufficient time to learn about this case, the issues in this case, and investigate, prepare and present all possible claims for relief, including those issues mentioned above. This Court should grant sufficient

time to counsel (once counsel is appointed) to allow necessary amendment to permit consideration of all claims for relief arising from the Petitioner's conviction and sentence.

## Conclusion

The Petitioner does hereby invoke this Court's Habeas Jurisdiction under 28 USCA § 2254, and files this initial unamended pro-se Petition for a Writ of Habeas Corpus, which includes, but is not limited to, those claims presented in the State Court's. Because the Petitioner is indigent and without counsel, the Petitioner requests appointment of counsel under 18 USCA § 3006A, and 21 USCA § 848. The Petitioner also

requests that appointed counsel be given sufficient time and opportunity to investigate and present all possible claims, that may be relevant to the Petitioners situation, for relief to this Court. The Petitioner also requests necessary discovery under Habeas Rule 6 which may be re-quested by appointed counsel. The Petitioner also requests an evidentiary hearing, and requests that this Court grant a Writ of Habeas Corpus discharging him from the unconstitutional conviction and sentence.

Respectfully Submitted

date; 2-24-06

Jacques Gautier
P.O. Box 8249
Cranston, R.I. 02920

# Certificate of Service

I Jacques Gautier, the Petitioner in this action, does hereby certify that I did cause a true copy of this 'Petition' and it's 'Exhibits' to be sent to both; the Attorney General's Office at 150 South Main Street in Providence Rhode Island, zip code 02903 via the U.S. Postal Service and to Mr. Director A.T. Wall at the A.C.I.'s Administration Building via Interdepartmental mail here at the A.C.I.

date; 2-24-06

[signature]

Jacques Gautier