UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACQUES GAUTIER | : | |
| | : | |
| v. | : | C.A. No. 06-99S |
| | : | |
| STATE OF RHODE ISLAND, et al. | : | |

**MEMORANDUM AND ORDER**

In this matter, the Plaintiff, Jacques Gautier ("Gautier") filed his "Pro Se Initial Petition for a Writ of Habeas Corpus and Motion for Appointment of Counsel" on March 3, 2006. (Document No. 1). The Plaintiff did not submit the filing fee required under 28 U.S.C. §1914(a), to file a habeas corpus petition. Instead, as part of the larger Petition, Plaintiff has included an "Affidavit of Indigency," in which he swears that he has no "funds...bank accounts....or assets" and that he owns no property or automobiles. Id. The matter of Plaintiff's nonpayment of his filing fee has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR CV 72(a).

The filing fee for a habeas corpus case, such as this one, is $5.00. See 28 U.S.C. §1914(a). In order to proceed with his petition, Plaintiff must either submit the $5.00 filing fee to the Court, or he must qualify to proceed in this matter without prepayment of fees and costs, pursuant to 28 U.S.C. §1915. In order to determine if Plaintiff is eligible for *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915, Plaintiff must complete and file an Application To Proceed Without Prepayment of Fees and Affidavit. The Application contains a "Notice to Prisoner" portion which directs an incarcerated applicant to obtain a statement certified by an "appropriate institutional officer" of "all receipts, expenditures, and balances during the last six months in your institutional accounts." In

order to determine his IFP eligibility, Plaintiff must submit a properly completed Application which is accompanied by a certified copy of his inmate account statement for the last six months.

Gautier's case cannot proceed until the Court either receives the $5.00 filing fee, or Gautier is approved for IFP status. Accordingly, Gautier is ordered to submit the $5.00 filing fee to the Court, or to file an IFP Application accompanied by the proper documentation concerning his inmate account by **April 14, 2006** or risk having this matter dismissed for nonpayment of the required filing fee. The Clerk is directed to provide Plaintiff with a copy of the Application.

So ordered.

PER ORDER:

Deputy Clerk

ENTER:

Lincoln D. Almond
United States Magistrate Judge
March 14, 2006