**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JACQUES GAUTIER** | : | |
| | : | |
| **v.** | : | **C.A. 06-99S** |
| | : | |
| **STATE OF RHODE ISLAND and A.T. WALL** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 17th day of April, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Jacques Gautier, P.O. Box 8249, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JACQUES GAUTIER** | : | |
| | : | |
| **v.** | : | **C.A. 06-99S** |
| | : | |
| **STATE OF RHODE ISLAND and A.T. WALL** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Petitioner Jacques Gautier has filed the above-captioned action, presumably to take issue with the April 12, 2005 decision of the Rhode Island Supreme Court in State v. Jacques Gautier, 871 A.2d 347. In that decision, the Rhode Island Supreme Court affirmed a Rhode Island Superior Court justice's denial of Petitioner's motion to dismiss, on collateral estoppel and double jeopardy grounds, the murder count returned by a Providence County Grand Jury in Indictment Number P1/03-199A.[1] (*Id.* at 349.) Petitioner had argued that since the Presiding Justice of the Superior Court had earlier determined, after a probation-revocation hearing, that the State had not met its burden of demonstrating that Petitioner, in connection with the events that would later form the basis of Indictment Number P1/03-199A, had violated the terms and conditions of his probationary sentence, the State was barred by the doctrines of collateral estoppel/double jeopardy from later indicting the Petitioner for murder. (*Id.*) In rejecting this argument, the Rhode Island Supreme Court explained that since it (the Rhode Island Supreme Court)

[1] In addition to murder, Indictment Number P1/03-199A also charged Petitioner with burglary, kidnapping, felony assault, eluding a police officer, and violation of a no-contact order.

had earlier (in State v. Gautier, 774 A.2d 882 (R.I. 2001)) "quashed" the Presiding Justice's no-probation-violation determination, "any finding of fact made by the trial justice during that probation-revocation hearing" was "nullif[ied] *** as a matter of law" (State v. Gautier, 871 A.2d at 354), thus eliminating the very predicate of Petitioner's collateral estoppel/double jeopardy contention. (State v. Gautier, 871 A.2d at 354 (Because of the Rhode Island Supreme Court's earlier decision in Gautier, which quashed the Presiding Justice's non-violation determinations, and because, subsequent to that decision, the Presiding Justice "found defendant to be a violator based on our decision in Gautier, *** there are no longer any existing factual findings that could bar the state from relitigating Gautier's culpability for the murder of [seventeen year old] Jeffrey Indellicati.".)

This determination of the Rhode Island Supreme Court – merely an expression and an application of the evident principle that a judgment that has been reversed on appeal is obviously *not* a valid judgment for purposes of collateral estoppel/double jeopardy[2] – can in no measure be characterized as "a decision that was contrary to, or

[2] In the State's Brief in the Rhode Island Supreme Court, it cited the following authorities for this proposition: Romano v. Gibson, 239 F.3d 1156, 1178-79 (10th Cir. 2001)("We need not explore th[e petitioner's Ashe-predicated] argument in detail, however, because the first *** trial *** was not a 'valid and final' judgment; rather, the state appellate court overturned the jury's decision in that case"); State v. Moore, 751 N.Y.S.2d 321, 323 (N.Y. App. Div. 2002)(judgment reversed on appeal had no collateral estoppel or issue preclusion effect); State v. Nunley, 923 S.W.2d 911, 922 (Mo. 1996)("After defendant's first appeal, this Court vacated the judgment in its summary order. When an appellate court vacates a judgment, the lower court's judgment cannot be considered a final judgment on the merits for purposes of collateral estoppel. *** In the present case, there was not a final judgment on the merits for purposes of collateral estoppel; therefore, the doctrine did not preclude any of defendant's claims"); State v. Thrower, 621 N.E.2d 456, 461 (Ohio Ct. App. 1993)("A decision which is overturned on appeal cannot be the basis for collateral estoppel."); Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 546 (5th Cir. 2001)(rejecting res judicata and collateral estoppel contentions as "final judgment

involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States" (28 U.S.C. § 2254(d)(1)). Indeed, the State

---

has been reversed and remanded"); Garcia v. State, 768 S.W.2d 726, 729 (Tex. Crim. App. 1989)(reversal of judgment evidently defeats "final and valid judgment" prong of collateral estoppel); Murray v. Goodwin, 852 A.2d 957, 960 (D.C. 2004)("finality was vitiated because we reversed the judgment"); Ex parte Campbell, 872 S.W.2d 48, 49 (Tex. App. 1994)("The reversal of a judgment on appeal eliminates its status as being final and valid for purposes of collateral estoppel"); State v. Baron, 805 N.E.2d 173, 179 (Ohio Ct. App. 2004)("It is well settled established that when a judgment has been vacated, reversed, or set aside on appeal, it is thereby deprived of all conclusive effect, both as to res judicata and as to collateral estoppel."); Kelso v. United States Department of State, 13 F.Supp.2d 12, 17 (D.D.C. 1998)(citing a number of cases in a variety of contexts for proposition that "a judgment which is vacated, for whatever reason, is deprived of its conclusive effect, both as to collateral estoppel and as to res judicata," quoting Wolcott v. Ginsburg, 697 F.Supp. 540, 543 (D.D.C. 1988)); Gosnell v. City of Troy, Illinois, 59 F.3d 654, 657 (7th Cir. 1995)("For our purposes, what matters is that a remand deprives the judgment of preclusive effect until a new final judgment has been entered"); Shute v. State, 945 S.W.2d 230, 231-32 (Tex. Ct. App. 1997)("As a general rule, when a trial court's judgment is reversed on appeal, the trial court's judgment is no longer valid for purposes of collateral estoppel."); Lacks v. Ferguson Reorganized School Dist., 936 F.Supp. 676, 683 (E.D. Mo. 1996)(when appellate court vacates judgment, lower court's judgment is not, for collateral estoppel purposes, considered final); Restatement (First) of Judgments § 41(d) at p. 163 (1942 & Supp. 2002)("If *** a judgment has been *** reversed by an appellate court, it is no longer conclusive between the parties, either as a merger of the original cause of action or as a bar to an action upon the original cause of action; nor is it conclusive by way of collateral estoppel in a subsequent action on a different cause of action involving issues litigated in the original action"); Prostok v. Browning, 112 S.W.3d 876, 924 (Tex. App. 2003)("Because the summary judgment on the fee-shifting provision was based on res judicata and collateral estoppel and the prior judgment giving rise to those defenses was reversed on appeal, we must reverse the judgment of the trial court", citing Restatement (Second) of Judgments § 16 cmt. c (1980)); 1B Moore's Federal Practice § 0.416[2], at 517 ("A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as to res judicata and as to collateral estoppel"); United States v. Lacey, 982 F.2d 410, 412 (10th Cir. 1992)(same)(quoting Moore, *supra*); Dunlop v. Rhode Island, 398 F.Supp. 1269, 1273 (D.R.I. 1975)(quoting Moore, *supra*, for "elementa[l]" proposition that "doctrine of collateral estoppel only applies to bar relitigation of questions of fact which have been actually and 'finally determined by a court of competent jurisdiction'," and not to "'[a] judgment that has been vacated, reversed, or set aside on appeal'"); 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4432, at 64-67 (2002)("There is no preclusion as to the matters vacated or reversed[.] *** Reversal and remand for further proceedings on the entire case defeats preclusion entirely until a new final judgment is entered by the trial court or the initial judgment is restored by further appellate proceedings").

would suggest that the issue answered so obviously correctly by the Rhode Island Supreme Court is not even one cognizable in a 28 U.S.C. § 2254 action (*see* 28 U.S.C. § 2254(a)(this section may be used by a State prisoner to contest custody which resulted from a "violation of the Constitution or laws or treaties of the United States")). In any event, the State would respectfully suggest that because the Rhode Island Supreme Court – in refusing to give preclusive effect to a judgment which had been reversed on appeal – did not unreasonably apply clearly established federal law, as determined by the United States Supreme Court, in rejecting Petitioner's argument as it did, dismissal of this 28 U.S.C. § 2254 action is warranted.

Finally, the State would contend, although, the fact that the relevant judgment (upon which Petitioner predicated his collateral estoppel/double jeopardy argument upon) was reversed "is dispositive of the specific issue before the Court" (State v. Gautier, 871 A.2d at 354), that the Rhode Island Supreme Court's further determinations with respect to collateral estoppel and double jeopardy are unassailable. With respect to collateral estoppel, the Rhode Supreme Court, of course, being the final arbiter of law in that State, was certainly at liberty to "join the majority of courts that have addressed the issue [and held that] *** practical policy requires that new criminal matters, when charged in the criminal justice system, must be permitted to be there decided, unhampered by any parallel probation-revocation proceeding." State v. Gautier, 871 A.2d at 359 (internal quotation and citation omitted, brackets deleted). And in so doing, of course, the Rhode Island Supreme Court did not create a federal constitutional issue cognizable in a 28 U.S.C. § 2254 proceeding.

With respect to the Rhode Island Supreme Court's double jeopardy determination, that "it is settled law that double jeopardy does not operate to bar prosecution of a defendant for criminal misconduct after the state alleges that very same misconduct as a basis for a finding of a violation of the defendant's preexisting probation" (*id.* at 361), this determination is indeed "black letter law", as "jeopardy does not attach to probation-revocation proceedings" (*id.*).[3] Even if, then, the Rhode Island Supreme Court had to have reached this double jeopardy question (*viz.*, if the fact that the earlier finding-of-non-violation had been quashed was not determinative of Petitioner's appeal), the Rhode Island Supreme Court's double jeopardy exposition was plainly not an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

For these reasons, the State would respectfully ask that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* be dismissed.

---

[3] *See e.g.* Thompson v. Reivitz, 746 F.2d 397, 399-400 (7th Cir. 1984)(double jeopardy did not protect defendant from facing a second probation revocation proceeding for the same alleged probation violation after the probationer prevailed in the first proceeding); United States v. Marmolejo, 915 F.2d 981, 983 (5th Cir. 1990)(since "revocation proceeding[s] occur[] after the defendant has been tried, convicted, and sentenced[, and] *** it is well-established that double jeopardy does not apply to substantially identical parole or probation revocation hearings[,]" the statute conferring jurisdiction over appeal from final decisions of federal district courts permitted the United States to appeal District Court's dismissal of supervised-release revocation proceeding); United States v. Jankowski, 771 F.2d 70, 71 (3rd Cir. 1985)(government may appeal as of right, pursuant to 18 U.S.C.A. § 3731, from dismissal of probation violation charges); 5 Wayne R. LaFave, Jerold Israel, & Nancy King, Criminal Procedure § 26.10(d), at 859-60 (2d ed. 1999)("Since a probation revocation hearing is not a criminal prosecution [and] the defendant is [thus] not in such circumstances put in jeopardy of punishment," "a court's conclusion that insufficient evidence of a probation violation has been presented does not bar a second revocation proceeding based on the same conduct").

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 17th day of April, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Jacques Gautier, P.O. Box 8249, Cranston, RI 02920.