UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACQUES GAUTIER | : | |
| | : | |
| v. | : | C.A. No. 06-99S |
| | : | |
| A.T. WALL | : | |

**MEMORANDUM AND ORDER**

Plaintiff Jacques Gautier ("Gautier") filed this pro se habeas corpus petition under 28 U.S.C. § 2254. In 2005, Gautier was convicted of murder and breaking and entering by a Superior Court jury. He was sentenced to life imprisonment on the murder conviction and is currently serving that sentence at the ACI. He has appealed his conviction to the Rhode Island Supreme Court.

The case is before the Court on Gautier's Motion for Class Action Pursuant to Fed. R. Civ. P. 23. (Document No. 10). This Motion has been referred for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. This Court has determined that no hearing is necessary to resolve this Motion.

Gautier contends that his habeas corpus petition raises the following federal question:

> [C]an the State of Rhode Island Supreme Court or any other State Supreme Court hand down a decision that in effect and for all practical purposes revisits and reverses the long established Doctrines of Collateral Estoppel and Res-Judicata, that protects a litigant's Double-Jeopardy Rights by simply claiming, '...the doctrine[s] run contrary to certain overwhelming policy considerations that are central to the[ir] crimainal [sic] justice system.'

Pl.'s Motion, p. 1 (quoting State v. Gautier, 871 A.2d 347, 358 (R.I. 2005). He argues that a class action is appropriate because this question "effects [sic] the rights of virtually every litigant in the

state of Rhode Island and opens the door to duplicitous civil and criminal actions." Pl.'s Motion, p. 1.

Rule 23(a) requires parties seeking class certification to demonstrate that: (1) the class is so numerous that joinder of all parties is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Individuals appearing pro se may not adequately represent and protect the interests of a class. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that class representatives cannot appear pro se); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995) (stating that "because [the plaintiff] is proceeding pro se and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (denying certification of a class with a pro se representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying class certification because "[a] pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Gautier seeks to represent in his Motion the proposed class pro se. He is not an attorney. This Court agrees with those courts that have denied class certification in such situations. This Plaintiff simply cannot adequately protect the interests of those purported class members he seeks to represent. Gautier's Motion for Class Action is therefore DENIED.

Gautier also requests in his Motion that the Court appoint class counsel. There is no constitutional right to appointed counsel in civil cases. Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); Andrews v. Bechtel Power Corp., 780 F.2d 124, 137 (1st Cir. 1985). This Court has previously denied Gautier's Motion for Appointment of Counsel and District Judge Smith denied Gautier's appeal of that denial. See Document Nos. 4 and 11. Gautier has offered nothing at this time which would cause the Court to revisit and reverse that prior decision. Accordingly, this request is also DENIED.

**Conclusion**

For the foregoing reasons, Gautier's Motion for Class Action (Document No. 10) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 6, 2006