# UNITED STATES DISTRICT COURT
# FOR THE STATE OF RHODE ISLAND

| | | |
|---|---|---|
| Jacques Gautier Plaintiff ) | ) | United States District Court |
| V. | ) | Case # : 06-99S |
| | ) | |
| State of RI etal, Defendant | ) | |

**OBJECTION TO REPORT & RECOMMENDATION**

The petitioner files the following objection to Magistrate Judge Lincoln Almondis Report & Recommendation, issued on October 23, 2006.

a) Petitioner asserts that the decision of the RI Supreme Court in Gautier II are arbitrary - as is supported by language within itis own opinion, which followsñ

We expressly overrule and abrogate our 1991 decision in State v. Chase, 588 A.2d 120 (RI 1991), **insofar**, as it is inconsistent with the principles enunciated in this opinion..

b) Petitioner asserts that the RI Supreme Courts decisions in Gautier II, for all practical purposes, overrule the doctrine of Collateral Estoppel;- Res Judicata.

c) Petitioner asserts that his due process and federally protected constitutional rights have been violated by the arbitrary overruling and abrogation of these well known cases - State v. Chase & State v. Wiggs - cases that have quite literally governed adjudications in probation revocation hearings for well over a decade - without mention, or challenge from the state. This is tantamount to a direct assault on the doctrine and principles of Stare Decisis, Collareral Estoppell, and Res Judicata.

d) Petitioner asserts that the decisions of the RI Supreme Court in Gautier II, are, in fact, contrary to clearly established federal law and doctrine.

e) Petitioner asserts that the aforementioned Report and Recommendation is incorrect in itis application and use of the three elements of Collateral Estoppel, its application and use of case cites that ultimately raise distinctly different facts and issues than those of this case, and, its overall **excessively narrow** interpretation of the application for writ of Habeas Corpus - as well as - the standard of review, and its interpretation of what actually should, and does, in fact, constitute **unreasonable and incorrect applications of Federal Law.** Petitioner asserts that the RI Supreme Courts disreguard for the long held principles of Stare Decisis, evidenced by its sudden, and arbitrary disreguard of case law precedents and established judicial opinion that is represented by cases such as, State v. Chase, and State v. Wiggs, is at the very least, **unreasonable.** Furthermore, it is unreasonable due to the fact that it literally **erodes** the entire doctrines of Collateral Estoppel and Res Judicata, thus, opening the door to flagrant violations of constitutional and due process rights.

f) Finally, petitioner asserts that to summarily **GRANT** the states motion to dismiss ( document No. 12 ), and to summarily **DISMISS WITH PREJUDICE** this petitioners petition for Habeas Corpus ( document No. 1 ) would be grossly and fundamentally unfair for the following legal, as well as practical reasons, especially, coming from a life long, born and raised citizen of the United States.

1) Petitioner is being FORCED, againts his will and better judgement, to proceed PRO-SE.

2) Petitioner asserts that he is indeed, NOT QUALIFIED, to fully and compentatly address the extremely legal issues and questions relative to this matter. On this same note, given the fact that petitioner is not legally skilled, he wishes to reserve, at this time and moment, his right to present issues, and materials that are specifically relavent to his action and cause in these matters, at points in the future, that have not already been raised and-or addressed at points prior to this time.

3) Petitioner has asked the court, specifically, Magistrate Judge Almond to appoint counsel, to, at the very least, over-see this petitioners efforts. This petitoner has been summarily denied this request on each occassion.

4) Petitioner asserts that the majority of what Magistrate Judge Almond now considers **lacking in legal merit** in his Report and Recommendation, is more, the direct result, and unfair consequense of this petitioners lack of legal knowledge and legal education. Petitioner asserts that the actual ISSUES at hand, are valid, and do, in fact, pocess an abundancy of legal merit. However, petitioners inability to properly format, address, research, and present these issues ina manner that protects this petitioner from being side-stepped by technicality.

It is this, and petitioner asserts, only this, that has given his work thus far the appearance of being lacking in legal merit.

**DISCUSSION IN SUPPORT OF a) thru f)**

The facts and travel of this case have been documented thusfar, through-out the rendering of several opinions. Most notably, the RI Supreme Courts opinions in Gautier I and Gautier II. It is these opinions that Magistrate Judge Almond relies upon as the general structure of his Report and Recommendation.

Petitioner does not directly dispute the majority, nor the general sequence of the cases travel accounting. However, **petitioner resolutely objects to the degree of SPIN, so to speak, that has worked its way into this cases (Fact and Travel) through-out the writings of theses aforementioned opinions, and now, even more so in the faulty interpretation that Magistrate Judge Almond issues in his Report and Recommendation.**

As a direct result, several extremely important, and very relavent issues, and details, have been conveniently **smoothed over**, for the states benefit. First, and primarily, the aforementioned Report and Recommendation states, (as a result of Gautiers arrest, on October 06, 1998, a probation revocation proceeding, brought pursuant to RI Super. Ct. R. Crim. P. 32(f), was promptly commenced againts Gautier on October 07, 1998. A revocation hearing was held on November 12 and 20, 1998, and five witnesses testified, ( 3 were presented by the state, and two by Gautier ).

This is correct, in part, but without further examination, is is most definately misleading, and does not allow this court to now fully appreciate and understand the actual sequence of events, and subsequent decisions of the RI Supreme Court, specifically, how and why these decisions and issues, are - contrary to what Magistrate Judge Almond now tries to claim in his Report and Recommendation - most definately **SHINING** examples of an **UNREASONABLE APPLICATION OF FEDERAL LAW AND-OR DOCTRINE. (Please refer to pages (O) thru (7).** To this end, petitioner points out that he was NOT, IN FACT, presented as a violator, and subsequently served notice via the states 32(f) notice, simply because of an ARREST, or the fact that he alledgedly failed to keep the peace. If that had been the issue, then, as Justice Rogers already observed, ( the matter would, then, have been quite simple ). However, that is NOT what the state chose to do. Following it's routine policy of trying to use the probation revocation proceeding as a **DRY RUN TEST TRIAL, so to speak**, ( a matter that the state has been admonished for, repeatedly over the years by itis very own Supreme Court ), and petitioner would like to use this opportunity to point out that this practice is **deliberate, and deceitful.** It is NOT employed by ANY other state

in the United States, other than RI, and is literally, the most notable reason that Stare Decisis, ( as it exsisted here ) in the forms of landmark decisions such as State v. Chase and State v. Wiggs, is so important and critical to our system of Juris Prudence, **INSOFAR**, as it protects defendants from constitutional and due process violations, and the unreasonable applications of federal laws and doctrines that ultimately result from the use of such underhanded tactics.

Using this practice, the state issues itis notice of violation under its rule 32(f) BEFORE any actual inditment or criminal trial process, AND, it SPECIFICALLY DOES NOT DO WHAT IT IS NOW TRYING TO HANG ITS HAT ON, AND SUPPORT WITH THE DECISIONS FROM STATE V. ZNOSKO AND STATE V. GODETTE. Which is, specifically, to serve a 32(f) notice that ONLY ASK THE PRESIDING JUSTICE TO DETERMINE WHETHER OR NOT A DEFENDANT **FAILED TO KEEP THE PEACE.**

which would have allowed Justice Rogers to decide a very simple decision. Instead, the state specifically - through the deliberate wording of its 32(f) notice, FORCES Justice Rogers to make a **determination of fact in regard to whether or not Gautier, in fact, did kill Jeffrey Indellicati.** It is the state - not the petitioner - that has chosen to attempt to violate Gautier SPECIFICALLY because they alledged that he did, infact, kill Jeffrey Indellicati. This was, AND STILL IS, the SOLE reason for violation that the state has ever listed on thier 32(f) notice.

(petitioner attaches page 4, section entitled "Motion To reconsider" That was denied, from brief Submitted on his behalf by the Rhode Island public Defender) in support.

By doing this, The states intentions are quite Clear. Mr. Gautier provailed at the fully litigated hearing of a factual finding so the state filed to reconsiter on Newly Discovered evidence. Mr. Gautier proveled again when the states motion was denied, So There for Mr. Gautier went over and beyond to defend against the state And each time preveiled. . . . How many times Can a state Continue this process?, until they preveil?. Never the less, The state - Not the petitioner - delibeatly

places presiding Justice in the position where he/she has no other Choice, but to make a finding of fact relative to the "underlying" charge becouse this is the sole reason that the state seeks violation of the defendant.

The state has now successfully gotten its own Supreme Court to disregard the entire precept of share decisis and turn its Collective back on the entire principle of the doctrine of Cottaleral Estoppel. Taking the inconceivable step of overruling these well known Case; (state vs. Chase) for the sole purpose of Mr. Gautier. Case that have governed adjudications in probation violation hearings for well over a decade without mention to save itself becouse its own tactic "Backfired". what of the hundreds/thousands of cases over the past decade that have moved through the system in the exact same fashiin which with the sole exception that they never backfired. The presiding Justice always managed to find in favor of the states evidence, That the defendant was a violator due to the sole request by the state that he Committed a specific Crime. In all of these prior Cases, has the state ever tried to "wash away" Corner-stone Cases like Chase and/or Wiggs in lieu of decisions from Godette and/or Znosko, that essentially, force the preciding Justice to either find that the defendant is guilty of the states substantive Case, thus rewarding the state the

"Bigger prize" they seek of effectively haveing a guilty Verdict "in hand" at the probation / Vocation proceeding level, and "before" any actal indictment What it is that your supposed to determine if you can't find a defendant actrally Flat out guilty

Date Nov 1, 2006

Jacques Gauthier