06-99
USDC/R.I.
Smith, W.

# MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 07-1084
07-1194

RECEIVED

NOV 06 2007

Property of U.S. District Court
District of Rhode Island

JACQUES GAUTIER,

Petitioner, Appellant,

v.

STATE OF RHODE ISLAND, ET AL.,

Respondents, Appellees.

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

**JUDGMENT**
**Entered: July 6, 2007**

Petitioner Jacques Gautier seeks a certificate of appealability (COA) from the district court's dismissal on the merits of his §2254 habeas petition. To obtain a COA, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the district court rejects the constitutional claims in the habeas petition on the merits, the applicant satisfies the §2253(c)(2) "showing" by demonstrating "[T]hat reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court's "assessment," in turn, involves the application of 28 U.S.C. §2254(d). Pursuant to §2254(d)(1),[1] a federal district court may grant habeas relief, with respect to claims adjudicated on the merits in state court, if the state court's decision was "contrary to, or involved an unreasonable

---

[1] Because Gautier challenges the Rhode Island Supreme Court's application of law, not its factual findings, his case is analyzed under the standard of §2254(d)(1), rather than (d)(2). Nom v. Spencer, 337 F.3d 112, 115 (1st Cir. 2003).

application of, clearly established Federal law, as determined by the Supreme Court of the United States."

After reviewing the record and engaging in a general assessment of the merits of Gautier's case in light of controlling case law, we conclude that reasonable jurists could not debate the district court's determination that the Rhode Island Supreme Court's decision in State v. Gautier, 871 A.2d 347, 352 (R.I. 2005) was neither contrary to, nor involved an unreasonable application of, clearly established U.S. Supreme Court precedent. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack, 529 U.S. at 484.

Accordingly, appellant's request for a COA is denied in 07-1084 and his appeal is terminated. We further dismiss the appeal in No. 07-1194 as duplicative of the instant appeal.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

[signature]

**Deputy Clerk**

**Date:** 11/5/07

[cc: Jacques Gautier, Aaron L. Weisman, AAG]